IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO: **1:13-CV-00587** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| LEBANON COUNTY PRISON PA, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.      BACKGROUND**

On March 4, 2013, Plaintiff Dimas Santiago, an inmate confined at Lebanon County Prison located in Lebanon, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.[1]  (Doc. 1).  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*.  (Doc. 2). Also on March 4, 2013, Plaintiff filed a Prisoner Authorization Form. (Doc. 3).  The Court provided Plaintiff with a copy of its Standing Practice Order (Doc. 5) on March 4, 2013, and an Administrative Order requesting Plaintiff's inmate account statement for the past six (6) months was sent to Plaintiff on March 4, 2013.  (Doc. 6).  On March 14, 2013, Lebanon County Prison Warden Robert J. Karnes provided the Court with a Financial Affidavit of Plaintiff's inmate account balance.  (Doc. 6).

---

[1] Plaintiff has previously filed two separate actions in the Middle District, including 1:12-CV-2007 and 1:13-CV-0292.

**II.     STANDARDS OF REVIEW**

**A.     PLRA.**

The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**B.     42 U.S.C. § 1983**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

C.     **MOTION TO DISMISS**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-

> specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly,* 550 U.S. at 555) (not precedential).

### III.   COMPLAINT ALLEGATIONS

Plaintiff has filed his § 1983 Complaint against the following Defendants: (1) Lebanon County Prison PA; (2) Tina Verna, Lebanon County Prison Counselor; and (3) Lebanon County Corrections Officer Oliver. (Doc. 1, p. 1). Plaintiff's handwritten Statement of Claims consists of three (3) paragraphs. (*Id.*). Plaintiff alleges that on December 20, 2012, Defendant Verna failed to help Plaintiff contact his son who "was abused by a predator, physical (sic) abused[.] I learn[ed] that because children and youth center in Berks County send (sic) me a letter." (Doc. 1, pp. 2-3). Plaintiff also alleges that Defendant Verna retaliated against Plaintiff for Plaintiff's grievances he filed against Defendant Corrections Officer Oliver. (Doc. 1, p. 3). Therefore, in construing *pro se* Plaintiff's Complaint liberally, we find that Plaintiff is alleging a First Amendment retaliation claim against Defendant Verna based on Defendant Verna's failure to help him contact his child, a decision which Plaintiff alleges was in retaliation for Plaintiff's filed grievances against Defendant C.O. Oliver.

With regards to Defendant Corrections Officer Oliver, Plaintiff alleges that on February 3, 2012, Plaintiff "asked Mr. C.O. Oliver why the heat wasn't on in the block and he stated very loud (sic) [']Santiago where you from[?] South America[?] You should of (sic)

stay (sic) there. . . ." (Doc. 1, p. 3). Therefore, in construing *pro se* Plaintiff's Complaint liberally, we find that Plaintiff is alleging a Fourteenth Amendment equal protection violation based on Defendant Oliver's allegedly discriminatory comments.

Plaintiff alleges that he has exhausted his administrative remedy procedure because he filed an original grievance with the Administration for Lebanon County Prison on February 13, 2013, but his grievance was denied on February 28, 2013, and "appeal to the warren (sic) was unsuccessful." (Doc. 1, p. 3).

In his Request for Relief, Plaintiff requests the following: (1) three million dollars ($3,000,000.00) in punitive damages for mental distress; (2) the resignation of Defendant Verna; (3) five hundred million dollars ($500,000,000.00) because the employees of Lebanon County Prison PA are corrupt; (4) the resignation of Defendant Corrections Officer Oliver; and (5) twenty million dollars ($20,000,000.00) in damages for Defendant Oliver's discriminatory comments. (Doc. 1, p. 3).

IV. **DISCUSSION**

    A. **Defendant Lebanon County Prison PA**

Immediately, we will recommend that Defendant Lebanon County Prison PA be dismissed with prejudice from this action because a prison is not a proper defendant in a § 1983 claim. *Slagle v. County of Clarion,* 435 F.3d 262, 264 n. 3 (3d Cir.2006) (affirming on other grounds and observing that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws.' "). Thus, we will recommend that

Defendant Lebanon County Prison PA be dismissed from this action with prejudice.

Based upon the above, we find that the Court should not allow Plaintiff to file an Amended Complaint with respect to his claims against Defendant Lebanon County Prison PA because we find it would be futile. *See Slagle*, *supra*. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile or inequitable to Defendants. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Additionally, we do not find that Plaintiff has stated a claim against Lebanon County under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, even if Plaintiff named Lebanon County as a Defendant in this case, and he did not, we find that Plaintiff has not properly stated an Eighth Amendment constitutional claim under *Monell* against this county. Lebanon County cannot be held liable for the conduct of persons they supervise, such as prison officials, pursuant to *respondeat superior*. *Brickell v. Clinton County Prison Bd.,* 658 F. Supp. 2d 621, 626-27 (M.D. Pa. 2009). Rather, Lebanon County "[is] subject to liability [in a §1983 action] to the extent [they] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id*. (citation omitted). No such custom or policy is specifically alleged by Plaintiff with respect to Lebanon County. Plaintiff does not make any allegations as described above against Lebanon County necessary to make them subject to liability in this case. Based on *Brickell,* we find Plaintiff's allegations in his Complaint do not sufficiently

7

state that Lebanon County caused any alleged constitutional violation by any prison official by having customs, policies, practices and procedures, and how these policies gave rise to the violation of his rights.

   B.   **Official Capacity Damages**

Plaintiff cannot seek compensatory damages from the named Defendants in their official capacities. To the extent that Plaintiff seeks monetary damages from Defendants, *i.e.* compensatory and punitive damages, he can only sue the state actor Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

Plaintiff also cannot seek punitive damages as against Defendants in their official capacities. Plaintiff can only seek punitive damages as against Defendants in their individual or personal capacities. *See Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625 (1983). Thus, Plaintiff's claims for punitive damages against Defendants in their official capacities should be dismissed with prejudice.

Based upon well-settled case law, we find that the Court should dismiss Plaintiff's request for monetary damages against Defendants in their official capacities with prejudice thus preventing Plaintiff from amending his Complaint regarding official capacity damages as it would be futile to allow him to do so. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002) (The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his

pleading unless it would be futile.); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

    **C.**    **First and Fourteenth Amendment Claims**

In screening Plaintiff's form Complaint under the Prison Litigation Reform Act of 1995[3] (the "PLRA"), which obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, we find it does not comport with Federal Rule of Civil Procedure 8(a). Pursuant to 28 U.S.C. § 1915(e)(2)(B), in proceedings *in forma pauperis*, a court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 526, 127 S. Ct. 1955, 1959 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims . . . in numbered paragraphs, each limited to a single set of circumstances," and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . ." Fed.R.Civ.P. 10(b).

---

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Under even the most liberal construction, and taking into account that Plaintiff is proceeding *pro se*, we find that Plaintiff's Complaint is in clear violation of Rule 8(a). It does not give Defendants fair notice of what Plaintiff's claims against them are and the grounds upon which the claims rest. It does not sufficiently set forth in brief, concise, and understandable terms the personal conduct of the Defendants about which Plaintiff is complaining.

Furthermore, Plaintiff has failed to properly allege a § 1983 claim in accordance with the aforementioned standards. In a civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993).

It well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Iqbal*, the Supreme

Court stated the following:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

The Court further explained that while a court must accept as true all of the factual allegations contained in a complaint, this requirement does not apply to legal conclusions. Therefore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555; *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Twombly,* 550 U.S. at 556 n. 3). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

Plaintiff Santiago's Complaint does not specify any conduct, wrongful or otherwise, of Defendants. In fact, Plaintiff's Complaint does not sufficiently state the personal involvement of Defendants with any cognizable constitutional claim.

Furthermore, it is well-established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.* Thus, in addition to Plaintiff's failure to allege Defendants' personal involvement in relation to his claims, Defendants are also not liable

based on the theory of *respondeat superior*. Therefore, we find that, based on the aforementioned case law, Plaintiff's Complaint lacks sufficient allegations as to the Defendants and what these Defendants personally did to violate Plaintiff's constitutional rights.

Lastly, even if the Court finds that Plaintiff's Complaint comports with Rule 8(a) of the Federal Rules of Civil Procedure, and that Plaintiff has properly alleged Defendants' personal involvement regarding his First and Fourteenth Amendment claims, Plaintiff has failed to properly allege the elements of a First Amendment retaliation claim as alleged against Defendant Verna and has failed to properly allege the elements of a Fourteenth Amendment equal protection claim as alleged against Defendant C.O. Oliver.

With regards to his First Amendment retaliation claim against Defendant Verna, in *White v. Napoleon*, the Third Circuit held that "[r]etaliation for the exercise of constitutionally-protected rights is itself a violation of rights secured by the Constitution." 897 F.2d 103, 111-12 (3d Cir. 1990).

In order to prevail on a retaliation claim, a plaintiff must prove:

> (1) he was engaged in a constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action.

*Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah v. Seiverling*, 229, F.3d 220, 225 (3d Cir. 2000).

In examining Plaintiff's retaliation claim in light of the aforementioned case law, it is

evident that Plaintiff has not properly alleged a First Amendment retaliation claim because: (1) he has not alleged that he was engaged in a constitutionally-protected activity; (2) he has not alleged that he suffered an adverse action at the hands of a state actor "sufficient to deter a person of ordinary firmness from exercising her constitutional right"; and (3) he has not alleged that a protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. The only statement made by Plaintiff in his Complaint in relation to a retaliation claim is as follows:

> On December 20, 2012, Defendant Tina Verna Prison Counselor after a request from Plaintiff to help Plaintiff contact his 10 year old son because his son was abused by a predator, physically abused. I learn that because children and youth center in Berks County send a letter. She declined to helped me. I believe counselor retaliated against Plaintiff for the fact that grievances was filed on one of the Officers Oliver.

(Doc. 1, pp. 2-3)(sic).

This statement surely does not provide enough factual information in order for the Court to conclude that Plaintiff has properly alleged the three prongs necessary to raise a First Amendment retaliation claim as described in *Rauser*. Therefore, we will respectfully recommend that Plaintiff's First Amendment retaliation claim be dismissed without prejudice as we do not find futility in allowing Plaintiff to amend his Complaint. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236.

With regards to Plaintiff's Fourteenth Amendment equal protection claim against Defendant C.O. Oliver, we find that Plaintiff has failed to properly allege the elements of this claim. The Equal Protection Clause guarantees all citizens "equal protection of the laws," meaning that similarly situated people must be treated the same. U.S. Const. amend. XIV.

13

In order to successfully raise an equal protection claim, a plaintiff "must present evidence that s/he has been treated differently from persons who are similarly situated." *Williams v. Morton*, 343 F. 3d 212, 221 (3d Cir. 2003). However, if an infringement on a prisoner's equal protection rights is reasonably related to a legitimate penological interest, the prison regulation will be upheld. *DeHart v. Horn*, 227 F. 3d 47, 61 (3d Cir. 2000).

Plaintiff states only the following regarding his Fourteenth Amendment equal protection claim against Defendant C.O. Oliver:

> C.O. Oliver discriminated against Plaintiff on 2-3-12. Plaintiff asked Mr. C.O. Oliver why the heat wasn't on in the block and he state very [']Santiago where you from South America[?] You should of (sic) stay there." [H]e said it in a very demanding and bold.

(Doc. 1, p. 3)(sic).

Based on this short statement in which Plaintiff alleges Defendant Oliver discriminated against Plaintiff, and in light of the aforementioned case law, Plaintiff has presented neither direct nor circumstantial evidence that he was treated differently than similarly-situated inmates. Plaintiff only states that he was discriminated against based on his race, but does not support this allegation with any evidence whatsoever that he was treated differently than similarly-situated inmates. Therefore, we recommend that Plaintiff's equal protection claim be dismissed without prejudice as we do not find futility in allowing Plaintiff to amend his Complaint with regards to his Fourteenth Amendment equal protection claim. *See Grayson, supra*.

We remind Plaintiff that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference

to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Additionally, Plaintiff's Amended Complaint should establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. The Amended Complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(e)(1). If Plaintiff fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

## V. RECOMMENDATION

Based on the foregoing discussion, we respectfully recommend that the Court:

1. DISMISS WITH PREJUDICE Defendant Lebanon County Prison PA.

2. DISMISS WITH PREJUDICE Plaintiff's official capacity damages request.

3. DISMISS WITHOUT PREJUDICE Plaintiff's First Amendment retaliation claim as alleged against Defendant Verna.

4. DISMISS WITHOUT PREJUDICE Plaintiff's Fourteenth Amendment equal protection claim as alleged against Defendant C.O. Oliver.

5. REMAND the matter to the undersigned for further proceedings.

                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: March 28, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO: **1:13-CV-00587** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| LEBANON COUNTY PRISON PA, *et al.*, | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **March 28, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where
>
>
>
> required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure of Plaintiff to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 28, 2013**