# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIMAS SANTIAGO,** | : | **CIVIL ACTION NO. 1:13-CV-587** |
| **Plaintiff** | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **LEBANON COUNTY PRISON PA,** *et al.,* | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 14th day of May, 2013, upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas M. Blewitt (Doc. 8), recommending that (1) Defendant Lebanon County Prison PA be dismissed with prejudice, (2) Plaintiff's official capacity damages request be dismissed with prejudice, and (3) Plaintiff's Fourteenth Amendment equal protection claim be dismissed without prejudice, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and recommendation, and that there

is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Blewitt (Doc. 8) are ADOPTED.

2. Defendant Lebanon County Prison PA is DISMISSED with prejudice.

3. Plaintiff's official capacity damages request is DISMISSED with prejudice.

4. Plaintiff's First Amendment retaliation claim, as alleged against Defendant Verna, is DISMISSED without prejudice.

5. Plaintiff's Fourteenth Amendment equal protection claim, as alleged against Defendant C.O. Oliver, is DISMISSED without prejudice.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

6. Plaintiff is granted leave to file an amended complaint within twenty (20) days of the date of this order, which shall address the deficiencies set forth in Magistrate Judge Blewitt's Report and Recommendation on the counts dismissed <u>without</u> prejudice. Failure to file an amended complaint within the specified time period will result in the matter proceeding on only the remaining counts of the original complaint.

7. The above-captioned case is REMANDED to Magistrate Judge Blewitt for further proceedings.

<u>S/ Christopher C. Conner</u>
CHRISTOPHER C. CONNER
United States District Judge