IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO: **1:13-CV-0587** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| LEBANON COUNTY PRISON, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.     BACKGROUND.**

On March 4, 2013, Plaintiff Dimas Santiago, an inmate formerly confined at Lebanon County Prison located in Lebanon, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.[1]  (Doc. 1).  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*.  (Doc. 2). Also on March 4, 2013, Plaintiff filed a Prisoner Authorization Form.  (Doc. 3).  The Court provided Plaintiff with a copy of its Standing Practice Order (Doc. 5) on March 4, 2013, and an Administrative Order requesting Plaintiff's inmate account statement for the past six (6) months was sent to Plaintiff on March 4, 2013.  (Doc. 6).  On March 14, 2013, Lebanon County Prison Warden Robert J. Karnes provided the Court with a Financial Affidavit of Plaintiff's inmate account balance.  (Doc. 6).

On March, 28, 2013, after screening the Plaintiff's original Complaint, we issued a Report and Recommendation ("R&R") (Doc. 8), in which we recommended that the Court:

---

[1] Plaintiff has previously filed two separate actions in the Middle District, namely, 1:12-CV-2007 and 1:13-CV-0292.  Plaintiff is now confined at SCI-Camp Hill, PA.

1. DISMISS WITH PREJUDICE Defendant Lebanon County Prison, PA.

2. DISMISS WITH PREJUDICE Plaintiff's official capacity damages request.

3. DISMISS WITHOUT PREJUDICE Plaintiff's First Amendment retaliation claim as alleged against Defendant Verna.

4. DISMISS WITHOUT PREJUDICE Plaintiff's Fourteenth Amendment equal protection claim as alleged against Defendant C.O. Oliver.

5. REMAND the matter to the undersigned for further proceedings.

On May 14, 2013, the District Court issued an Order adopting our R&R in full, and ordering the Plaintiff to file an amended complaint within 20 days. (Doc. 10). Pursuant to that Order, on June 10, 2013, Plaintiff filed his Amended Complaint (Doc. 12) against Defendants Oliver and Verna. As such, we will now screen Plaintiff's Amended Complaint, pursuant to the Prisoner Litigation Reform Act.

## II. STANDARDS OF REVIEW.

### A. PLRA.

The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

> poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**B.	42 U.S.C. § 1983**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").  "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir.

1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

### C. MOTION TO DISMISS

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to

4

dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'"*Twombly,* 550 U.S. at 555.

### III. AMENDED COMPLAINT ALLEGATIONS (DOC. 12).

Pursuant to the District Court's Order, Plaintiff filed his Amended Complaint against Defendants Oliver and Verna, in which he alleges they violated his First and Fourteenth

5

Amendment rights. (Doc. 12). In his 2-page typed Amended Complaint, Plaintiff raises an Equal Protection under the Fourteenth Amendment against Defendant Oliver and simply states:

> On December 3, 2012 around 8:30 to 9:00 am, CO Oliver was doing his round on Block 2, inmates population, Lebanon County Prison, PA. Plaintiff Dimas Santiago simply asked CO Oliver if he can turn the heater on, because it was very cold in the cell that particular day. CO Oliver in a very sarcastic and rude tone told the Plaintiff Dimas Santiago: "Where are you from Mr. Santiago ? South America[.] You should [have] stay[ed] there." He was very loud, the entire[] block hear[d] the discriminatory com[m]ents of CO Oliver toward the Plaintiff Dimas Santiago. Plaintiff felt humiliated, intimidated, discriminated, and embarrassed.

(Doc. 12, p. 1).

Plaintiff also attempts to assert a claim of First Amendment retaliation against Defendant Verna. He states that on December 20, 2012, he became aware that his son in Berks County, PA, was the victim of an incident of physical abuse. As a result, the Plaintiff sent a written request to Defendant Verna, the prison counselor, to inquire into the matter. Plaintiff states that "the Counselor [Defendant Verna] claimed that she called for me but CO told her that I was on the phone. CO Oliver was working that day. No effort was made by the prison counselor [Defendant Verna] for me to be informed of my child abused (sic)." (Doc. 12, p. 1-2). Plaintiff goes on to allege that in a separate instance, when he requested Defendant Verna to assist him in expediting the transfer of his funds to the Clerk of Court to pay for two subpoenas for his witnesses to appear in court, seemingly regarding his state court criminal trial, Verna returned the Request Slip to him with a note that read, "Continue threaten (sic) will have consequences." (*Id.*).

Finally, Plaintiff alleges that he has witnessed Defendants Verna and CO Oliver "chatting with each [other] in the [counselor's] office" and, he states that they were "very good friends." Plaintiff seems to allege that since Defendants Verna and CO Oliver were friends, this was why Verna threatened him with retaliation. *(Id.)*.

As relief in his Amended Complaint, the Plaintiff again requests the resignations of both Defendants, and punitive damages in the amount of $2 million for "mental anguish[], emotional distress and discrimination."[3] *(Id.)*.

## IV. DISCUSSION.

In screening Plaintiff's 2-page Amended Complaint under the PLRA, which obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, we find it does not comport with Federal Rule of Civil Procedure 8(a). Pursuant to 28 U.S.C. § 1915(e)(2)(B), in proceedings *in forma pauperis*, a court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court. *See Haines v. Kerner*, 404 U.S. 519

---

[3]To the extent that Plaintiff is seeking monetary damages for mental anguish and emotional distress, we note that under 42 U.S.C. §1997e(e), he must allege in his pleading physical harm Defendants caused him. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Mitchell v. Horn,* 318 F.3d 523, 533 (3d Cir. 2003)*; Kantamanto v. King*, 651 F. Supp. 2d 313, 320 n. 1 (E.D. Pa. 2009)(inmate cannot obtain compensatory damages for pain and suffering in civil rights action since he did not allege any physical injury). Plaintiff fails to aver in his Amended Complaint that either Defendant caused him any physical harm. As such, we will recommend that Plaintiff's claim for monetary damages for mental anguish and emotional distress be dismissed with prejudice.

7

(1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 526, 127 S. Ct. 1955, 1959 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims . . . in numbered paragraphs, each limited to a single set of circumstances," and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . ." Fed.R.Civ.P. 10(b).

Under even the most liberal construction, and taking into account that Plaintiff is proceeding *pro se*, we find that Plaintiff's Amended Complaint is in clear violation of Rule 8(a), just as his Original Complaint was. It does not give either Defendants fair notice of what Plaintiff's claims against them are and the grounds upon which the claims rest. It does not sufficiently set forth in brief, concise, and understandable terms the personal conduct of the Defendants about which Plaintiff is complaining.

Additionally, Plaintiff is only seeking monetary damages for mental anguish and emotional distress in his Amended Complaint. (Doc. 1, p. 2). We note that under 42 U.S.C. §1997e(e), Plaintiff must allege in his pleading physical harm Defendants caused him. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Mitchell v. Horn,* 318 F.3d 523, 533 (3d Cir. 2003)*; Kantamanto v. King*, 651 F. Supp. 2d 313, 320 n. 1 (E.D. Pa. 2009)(inmate

cannot obtain compensatory damages for pain and suffering in civil rights action since he did not allege any physical injury). Plaintiff fails to aver in his Amended Complaint that either Defendant caused him any physical harm. As such, we will recommend that Plaintiff's claim for monetary damages for mental anguish and emotional distress be dismissed with prejudice.

The Third Circuit has held that a plaintiff who has filed an *in forma pauperis* request and whose complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a complaint is subject to dismissal for failure to state a claim, the court must first allow Plaintiff leave to amend. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Further, "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Id.* (citations omitted). However, because Plaintiff has already had the opportunity to amend his Complaint, after our detailed Doc. 8 R&R screening his original Complaint, and he has failed to properly request damages, we find futility in allowing Plaintiff to file a second Amended Complaint with respect to his damages claim. *See Grayson*, *supra*.

Furthermore, Plaintiff has, for the second time, failed to properly allege a constitutional claim under § 1983 against either Defendant in accordance with the aforementioned standards. As stated, in a §1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived

the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993).

It well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Iqbal*, the Supreme Court stated the following:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

The Court further explained that while a court must accept as true all of the factual allegations contained in a complaint, this requirement does not apply to legal conclusions. Therefore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555; *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Twombly,* 550

U.S. at 556 n. 3). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

Unlike Plaintiff's original Complaint, his Amended Complaint does allege some personal involvement of Defendants Oliver and Verna. Despite this elaboration, however, Plaintiff's Amended Complaint does not sufficiently state the personal involvement of either Defendant with regards to any cognizable constitutional claim. Nor does he allege that he has suffered any harm as a result of Defendants' conduct.

Furthermore, it is well-established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. Thus, in addition to Plaintiff's failure to sufficiently allege Defendants' personal involvement in relation to his constitutional claims, Defendants are also not liable based on the theory of *respondeat superior*. Therefore, we find that, based on the aforementioned case law, Plaintiff's Amended Complaint lacks sufficient allegations as to Defendants Oliver and Verna and what these Defendants personally did to violate Plaintiff's constitutional rights.

Lastly, even if the Court finds that Plaintiff's Amended Complaint comports with Rule 8(a) of the Federal Rules of Civil Procedure, and that Plaintiff has properly alleged Defendants' personal involvement regarding his First and Fourteenth Amendment claims, Plaintiff has again failed to make out a cognizable First Amendment retaliation claim as

against Defendant Verna and, he has again failed to properly allege the elements of a Fourteenth Amendment equal protection claim as against Defendant C.O. Oliver.

With regards to his First Amendment retaliation claim against Defendant Verna, in *White v. Napoleon*, the Third Circuit held that "[r]etaliation for the exercise of constitutionally-protected rights is itself a violation of rights secured by the Constitution." 897 F.2d 103, 111-12 (3d Cir. 1990).

In order to prevail on a retaliation claim, a plaintiff must prove:

> (1) he was engaged in a constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action.

*Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)(quoting *Allah v. Seiverling*, 229, F.3d 220, 225 (3d Cir. 2000).

In examining Plaintiff's retaliation claim against Defendant Verna, in light of the aforementioned case law, it is evident that Plaintiff has not properly alleged a First Amendment retaliation claim because: (1) he has not alleged that he was engaged in a constitutionally-protected activity; (2) he has not alleged that he suffered an adverse action at the hands of a state actor "sufficient to deter a person of ordinary firmness from exercising her constitutional right"; and (3) he has not alleged that a protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. The only statement made by Plaintiff in his Amended Complaint in relation to his retaliation claim is as follows:

> Plaintiff also was representing hisself (sic) on a court case and the Plaintiff

> was only requesting some money to be transferred from his account to the Clerk of Court to pay for two subpenas (sic) so his witnesses showed up in court. I, Plaintiff Dimas Santiago, send (sic) a request to the counselor [Defendant Verna] so the process can speed up a little bit, since I was right to the last minute in trial. Counselor Tina Verna send me the Request Slip back stating "continue threaten will have consecuences (sic)."

(Doc. 12, p. 2).

These allegations against Defendant Verna clearly do not provide enough factual information for the Court to conclude that Plaintiff has properly alleged the three prongs necessary to raise a First Amendment retaliation claim as described in *Rauser*. In fact, Plaintiff does not even meet any of the necessary three elements of a retaliation claim. Therefore, we will respectfully recommend that Plaintiff's First Amendment retaliation claim against Defendant Verna be dismissed with prejudice. Given that the Court has afforded the Plaintiff the chance to amend his Complaint once already to properly state a claim against Defendant Verna, and he failed to do so, we now find futility and undue prejudice to Defendant Verna in allowing Plaintiff to file a second amended Complaint. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236.

With regards to Plaintiff's Fourteenth Amendment equal protection claim against Defendant C.O. Oliver, we find that Plaintiff has again failed to properly allege the elements of this claim. The Equal Protection Clause guarantees all citizens "equal protection of the laws," meaning that similarly situated people must be treated the same. U.S. Const. amend. XIV. In order to successfully raise an equal protection claim, a plaintiff "must present evidence that s/he has been treated differently from persons who are similarly situated." *Williams v. Morton*, 343 F. 3d 212, 221 (3d Cir. 2003). However, if an infringement on a

prisoner's equal protection rights is reasonably related to a legitimate penological interest, the prison regulation will be upheld. *DeHart v. Horn*, 227 F. 3d 47, 61 (3d Cir. 2000).

In his Amended Complaint, Plaintiff only restates the content of his original Complaint regarding his Fourteenth Amendment equal protection claim against Defendant C.O. Oliver.

Based on the above mentioned brief allegations in which Plaintiff states Defendant Oliver discriminated against him when he asked Oliver to turn the heater on, and in light of the aforementioned case law, Plaintiff has presented neither direct nor circumstantial evidence that he was treated differently than similarly-situated inmates. Plaintiff only implies that he was discriminated against based on his nationality, but does not support this allegation with any claim that he was treated differently than similarly-situated inmates. Therefore, we will recommend that Plaintiff's equal protection claim against Defendant Oliver be dismissed with prejudice. Again, given that Plaintiff has failed to properly amend his Complaint, as the District Court ordered, we now find futility and undue prejudice to Defendant Oliver in allowing Plaintiff to file a second amended Complaint with regards to his Fourteenth Amendment equal protection claim. *See Grayson, supra*.

Additionally, we noted in our Doc. 8 R&R screening Plaintiff's original Complaint, that Plaintiff's Amended Complaint should establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). We stated that an amended pleading should specify which actions are alleged as to which Defendants, and that the Amended Complaint must be "simple, concise,

and direct" as required by the Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(e)(1). We find, therefore, that Plaintiff failed to file a proper amended complaint adhering to the standards set forth above. As such, we will recommend that his Amended Complaint (Doc. 12) be dismissed with prejudice and that this case be closed.

V. **RECOMMENDATION**.

Based on the foregoing discussion, we respectfully recommend that the Court **DISMISS** with prejudice Plaintiff's Amended Complaint. **(Doc. 12).** Additionally, we recommend that the Court grant Plaintiff's *in forma pauperis* Motion **(Doc. 2)** solely for the purpose of filing this action.

Finally, we recommend that the Court close this case.

                                                       s/ **Thomas M. Blewitt**
                                                       **THOMAS M. BLEWITT**
                                                       **United States Magistrate Judge**

**Dated: June 14, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO: **1:13-CV-0587** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| LEBANON COUNTY PRISON, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **June 14, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis
of that record. The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely objections to our foregoing Report and Recommendation may

constitute a waiver of any appellate rights.



**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 14, 2013**